UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-23728-KMW

AMERICAN TECHNOLOGY VENTURES, LLC and DEVOLRO INC.,

    Plaintiffs,

vs.

EDUARD ORLOV and DEVOLRO GROUP, LLC,

    Defendants.

_____/

### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants, EDUARD ORLOV and DEVOLRO GROUP, LLC ("Defendants"), by and through undersigned counsel, hereby move to dismiss Plaintiffs' Complaint [DE 1], and in support thereof respectfully state as follows:

### PRELIMINARY STATEMENT

Plaintiffs filed a Complaint alleging federal trademark infringement pursuant to 15 U.S.C. § 1114, false designations of origin pursuant to 15 U.S.C. § 1125(a), and the supplemental state causes of action of common law trademark infringement, unfair competition, and tortious interference with a business relationship. As discussed more fully below, Plaintiffs' claims should be dismissed because they are barred by the statute of limitations, and as Plaintiffs failed to state a cause of action. The entire Complaint completely ignores the time period before April 2019, when Defendant Eduard Orlov (hereinafter, "Mr. Orlov") owned the corporate entity which is Plaintiff Devolro, Inc., at which time in 2013 the corporate entity not only assigned the trademark at issue in this action to Defendant Devolro Group LLC, but at a minimum granted Defendant Devolro Group, LLC an exclusive right to use such mark in perpetuity. As such,

Plaintiffs fail to establish even the most basic *prima facie* elements of their claims, or alternatively, such claims are barred by the statute of limitations. For this reason, the Complaint should be dismissed.

## ARGUMENT AND SUPPORTING MEMORANDUM OF LAW

### I.  Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a complaint must allege facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Although this standard "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). The complaint must contain enough factual content from which a court may draw a reasonable inference that the defendant is liable. The claim for relief must be "plausible on its face." *Twombly*, 550 U.S. at 570. Conclusory allegations of liability do not suffice. *Iqbal*, 129 S.Ct. at 1950 (plaintiffs may not unlock the doors to discovery armed with nothing more than legal conclusions). The court must accept the truth of the complaint's factual allegations and draw a reasonable inference in plaintiff's favor. *Jackson v. Okaloosa County Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Legal conclusions, however, receive no such deference and the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Thomas v. Lawrence*, 421 Fed. App'x. 926, 927 (11th Cir. 2011). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental*

*Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (*quoting Iqbal*, 556 U.S. at 682).

II. **Plaintiff's Claims are barred by the Statute of Limitations**

"Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss ... However, if facts ***on the face*** of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss." *Spadaro v. City of Miramar*, 855 F. Supp. 2d 1317, 1328 (S.D. Fla. 2012) (citing Cabral v. City of Miami Beach, 76 So.3d 324, 326 (Fla. 3d DCA 2011) (emphasis added)). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time barred." *Id.*

Laches is an equitable defense that may bar a party's trademark infringement claim brought under the Lanham Act. "Though the doctrine [of laches] is an equitable doctrine that should be applied flexibly, a defendant must demonstrate the presence of three elements in order to successfully assert laches as a defense: (1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Kason Indus., Inc. v. Comp. Hardware Grp., Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997) (citing *AmBrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1545 (11th Cir. 1986)).

Although the Lanham Act does not contain a statute of limitations, the applicable statute of limitations for an analogous state law claim is typically used as the "touchstone for laches." *Ambrit, Inc. v. Kraft, Inc.*, 812 F.2d 1531, 1546 (11th Cir. 1986). The pertinent limitations period for this type of action in Florida is four years. *Id.* (citing Fla. Stat. § 95.11(3)).

In the instant action, it is apparent from the face of the complaint that the claim is time barred. Exhibit "6" to the Complaint is a Nunc Pro Tunc Assignment which evidences that the

3

trademark at issue was assigned to, or at a minimum used by, Defendant Devolro Group LLC since at least February 4, 2013. *See* [DE 5-6] In the Complaint, Plaintiffs themselves explain that prior to April 19, 2019, Mr. Orlov was the former president and shareholder of Plaintiff Devolro Inc. *see* [DE 1, ¶ 18] Thus, it is clear from the Complaint that Defendant Mr. Orlov, as well as his company Defendant Devolro Group LLC have been using such trademark since registering it, and at a minimum since 2013 when Mr. Orlov assigned the trademark from Devolro Inc. to Devolro Group, LLC. *see* [DE 5-6] Even if *in arguendo* the assignment from Devolro Inc. to Devolro Group, LLC was not properly perfected, Defendants' use of the mark since February 4, 2013 would make the statute of limitations for an action based on such use February 4, 2017. As such, Plaintiffs' Lanham Act claims are barred by laches, and the analogous state law claims are barred by Florida's four year statute of limitations.

III.     **Plaintiff's Claims Fail to Comply With the Requisite Pleading Standard**

"[I]n order to prevail on a trademark infringement claim, a plaintiff must show that its mark was used in commerce by the defendant **without the registrant's consent** and that the unauthorized use was likely to deceive, cause confusion, or result in mistake. *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1307 (11th Cir.1998). (emphasis added)

However, in the instant action, it is apparent from the face of the Complaint that the mark was used with the registrant's consent. Not only was the mark used with the registrant's consent, but the registrant assigned the mark to Devolro Group LLC, who is the real owner of the mark.

Plaintiffs failed to state a cause of action as the entire Complaint completely ignores the time period before April 2019, when Mr. Orlov owned the corporate entity which is Plaintiff Devolro, Inc., at which time in 2013 the corporate entity assigned the trademark at issue in this action to Defendant Devolro Group LLC.

4

In the Complaint, Defendants discuss that Defendants' current principal, Vasilii Bobkov, initially became a member of Defendant Devolro Group LLC. *see* [DE 1, ¶ 18] At such time, Mr. Bobkov and Defendant Mr. Orlov entered into an Operating Agreement for the operation of Defendant Devolro Group LLC. Operating Agreement executed January 22, 2019 attached hereto as Exhibit "A". On page 3 of the Operating Agreement, the Agreement states that part of Mr. Orlov's contribution to Defendant Devolro Group LLC is "his brand and trademark DEVOLRO". *See* Exhibit "A" at page 3. Thus, from at least January 22, 2019, Plaintiffs have known that the trademark was assigned to, owned by, and used by Defendants Mr. Orlov and Devolro Group LLC, and cannot argue that Defendants' use of the mark is without the registrant's consent. Even Exhibit to the Complaint- which is a Nunc Pro Tunc Assignment- evidences that the trademark at issue was assigned to, or at a minimum used by, Defendant Devolro Group LLC since at least February 4, 2013- which is over six (6) years before Mr. Bobkov obtained ownership of Plaintiff Devolro Inc. (the corporate entity which originally registered the mark) in April 2019 when he already had knowledge that the mark was owned by Defendant Devolro Group LLC.

As Plaintiffs have failed to properly allege facts that would entitle them to relief, and have failed to properly allege facts that would establish that Defendants used the mark at issue without the registrant's consent, Plaintiffs' Complaint [DE 1] should be dismissed.

## IV.   CONCLUSION

WHEREFORE for the foregoing reasons, Defendants EDUARD ORLOV and DEVOLRO GROUP, LLC, respectfully request that this Honorable Court enter an Order dismissing Plaintiffs' Complaint [DE 1], in addition to such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: *Ronnette Gleizer*
Ronnette Gleizer, Esq.
Florida Bar No. 87417
CIVIL JUSTICE LAW FIRM, P.A.
1250 E Hallandale Beach Blvd, Suite 503
Hallandale, Florida 33009
Telephone: (954) 639-7016
Email: Rona@CivilJusticeFirm.com
Attorney for Defendants

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:20-cv-23728-KMW

AMERICAN TECHNOLOGY VENTURES, LLC and DEVOLRO INC.,

        Plaintiffs,

        vs.

EDUARD ORLOV and DEVOLRO GROUP, LLC,

        Defendant(s).
_____/

**<u>CERTIFICATE OF SERVICE</u>**

      I HEREBY CERTIFY that on October 21, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the aforementioned document is being served on all counsel of record, corporations, or pro se parties via either transmission of Notices of Electronic Filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Ronnette Gleizer*
Ronnette Gleizer, Esq.
Florida Bar No. 87417
CIVIL JUSTICE LAW FIRM, P.A.
1250 E Hallandale Beach Blvd, Suite 503
Hallandale, Florida 33009
Telephone: (954) 639-7016
Email: Rona@CivilJusticeFirm.com
Attorney for Defendants