UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23728-KMW

AMERICAN TECHNOLOGY VENTURES, LLC,
and DEVOLRO INC.

    Plaintiffs,

vs.

EDUARD ORLOV and
DEVOLRO GROUP LLC
    Defendants.
_____/

## AMENDED VERIFIED COMPLAINT

Plaintiffs, American Technology Ventures, LLC ("Plaintiff ATV") and Devolro Inc. ("Plaintiff Devolro") (collectively, "Plaintiffs"), sue Defendants, Eduard Orlov ("Defendant Orlov") and Devolro Group LLC ("Defendant Devolro") (collectively, "Defendants"), amend their complaint, with Defendants' consent, and make the following allegations:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff ATV is a limited liability company of Delaware, with its principal place of business at 15701 NW 15th Avenue, Miami, Florida.

2.    Plaintiff Devolro is a corporation of Florida, with its principal place of business at 15701 NW 15th Avenue, Miami, Florida.

3.    Defendant Devolro is a limited liability company organized under the laws of Florida having a business address at 1048 NW 1st Court, Hallandale Beach, Florida 33009 and does business in the Southern District of Florida.

4. Defendant Orlov a moving, conscious, and active force behind Defendant Devolro.

5. Based on corporate records in the Florida Secretary of State, Defendant Orlov is the registered agent and manager of Defendant Devolro.

6. Based on assignment records in the United States Patent and Trademark Office, Defendant Orlov is a member and owner of Defendant Devolro.

7. This is an action for federal trademark infringement pursuant to 15 U.S.C. § 1114, false designations of origin pursuant to 15 U.S.C. § 1125(a), and the supplemental state causes of action of common law trademark infringement, unfair competition, and tortious interference with a business relationship.

8. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and under the doctrine of supplemental jurisdiction over state claims arising from a common nucleus of operative facts.

9. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and §1400(b) because Defendants do business in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

*Plaintiffs and their Marks*

10. Plaintiff ATV is the owner of the valid and incontestable DEVOLRO mark registered on the Principal Register as U.S. Reg. No. 4331785 for vehicle parts, namely, bumpers, suspension systems and lift kits ("ATV's Registered Mark").

11. A true and correct copy of the United States Patent and Trademark Office registration certificate for ATV's Registered Mark is attached hereto as Exhibit "1".

12. Plaintiff ATV is also the owner of the unregistered DEVOLRO mark for: custom cars and trucks; vehicle parts; car and truck customization services, including providing custom interiors and upholstery, exterior enhancements, car protective coatings, car exterior changes, engine modifications, wheel and tire upgrades, bumpers, lift kits and suspension installation for trucks, premium engine modifications to handle tough terrain and intense weather, and armoring options for vehicles ("ATV's Unregistered Mark"). ("ATV's Registered Mark" and "ATV's Unregistered Mark" are collectively referred to in this Complaint as "ATV's Marks").

13. ATV's Marks are inherently distinctive when applied to the above-mentioned goods and services.

14. On September 12, 2012, Plaintiff Devolro filed the trademark application (Serial No. 85726802) for ATV's Registered Mark.

15. Plaintiff Devolro continuously used in commerce in the United States ATV's Marks since at least as early as December 2011 until July 2020, after which Plaintiff ATV continuously used in commerce ATV's Marks since it was assigned said marks. *See* Exhibit 2, corresponding to photographs depicting Plaintiffs' use of ATV's Marks.

16. In 2018, Vasilii Bobkov became a manager and member of Defendant Devolro, owning 51 percent membership interest.

17. Mr. Bobkov invested $500,000 in Defendant Devolro.

18. In January 2019, Mr. Bobkov and Defendant Orlov entered into a new operating agreement for Defendant Devolro that modified Mr. Bobkov's capital contribution requirement from $500,000.00 to $100,000.00.

19. The funds that Mr. Bobkov provided to Defendant Devolro beyond the required $100,000.00 constituted working capital and loans to the company.

20. In 2019, Mr. Bobkov withdrew from Defendant Devolro, leaving his significant investment, due in part to debts, issues with creditors, and other problems accrued by Defendant Devolro prior to his arrival.

21. In order to continue his business activity, Mr. Bobkov bought two companies—Plaintiff ATV and Plaintiff Devolro from Defendant Orlov on March 20, 2019 and April 10, 2019 respectively. Defendant Orlov—as the former president and sole shareholder and owner—sold 100% of the shares of both companies to Vasilii Bobkov. *See* Exhibit 3, corresponding to the Share-Purchase Sale Agreement for Plaintiff Devolro and Membership Interest Purchase Agreement for Plaintiff ATV.

22. Prior to Mr. Bobkov's purchase of Plaintiff Devolro, Plaintiff Devolro had granted a license to Devolro Group LLC to use the DEVOLRO mark.

23. In March 2019, Defendant Orlov began acting as a consultant for Plaintiff ATV. In June 2020, Plaintiff ATV terminated the consultant relationship with Defendant Orlov.

24. On July 21, 2020, Plaintiff Devolro properly assigned the rights of ATV's Marks to Plaintiff ATV. Prior to the assignments, Plaintiff ATV was Plaintiff Devolro's licensee and was authorized to use ATV's Marks.

25. Plaintiff ATV has continuously used in commerce in the United States the mark DEVOLRO for vehicle parts, namely, bumpers, suspension systems and lift kits since it was assigned the mark on July 21, 2020.

26. Plaintiff ATV has continuously used in commerce in the United States the mark DEVOLRO for custom cars and trucks and vehicle parts as well as car and truck customization services, including providing custom interiors and upholstery, exterior enhancements, car protective coatings, car exterior changes, engine modifications, wheel and tire upgrades,

bumpers, lift kits and suspension installation for trucks, premium engine modifications to handle tough terrain and intense weather, and armoring options for vehicles since it was assigned the mark on July 21, 2020.

27.     Plaintiff Devolro and subsequently Plaintiff ATV used the website www.devolro.com to promote ATV's Marks.

28.     Plaintiff ATV actively promotes ATV's Marks through social media such as Instagram (@atvmotors_).

29.     Plaintiff Devolro and Plaintiff ATV have expended significant time and money in promoting ATV's Marks such as for Instagram campaigns, search engine optimization, and Google ads.

*Defendants' Improper Conduct*

30.     On March 20, 2020, Defendant Orlov filed an assignment purporting to transfer the rights of the mark registration DEVOLRO (U.S. Reg. No. 4331785) from Devolro Inc. to himself. The assignment was recorded on reel/frame 6896/0518 with U.S. Patent and Trademark Office. *See* Exhibit 4.

31.     On June 29, 2020, Plaintiff Devolro filed corrective documents, including a declaration from Mr. Bobkov, to correct the entire improper assignment previously recorded by Defendant Orlov. The assignment was recorded on reel/frame 6986/0253 with U.S. Patent and Trademark Office. *See* Exhibit 5.

32.     On July 9, 2020, Defendant Orlov recorded another assignment of the DEVOLRO registration by Eduard Orlov, personally and purportedly in his capacity as president of Plaintiff Devolro, to Defendant Devolro. The assignment was recorded on reel/frame 6995/0622. See Exhibit 6.

33. On August 31, 2020, Defendant Orlov filed another two assignments (USPTO Reel/Frame 7037/0402 and 7037/0480) for the DEVOLRO Mark. See Exhibit 7 and 8 (attachments to assignments removed due to length). These assignments, executed by Defendant Orlov, first provide that Plaintiff Devolro and Defendant Orlov assign the rights to the DEVOLRO Mark to Defendant Orlov and second assign it back to Defendant Orlov.

34. Defendant Orlov's above-mentioned assignments were improper because he has not been a director, officer, or shareholder of Devolro, Inc. since April 2019. As such, Defendant Orlov had no authorization nor authority to transfer the rights of ATV's Registered Mark at the time he executed those assignments.

35. Defendant Orlov did not sign or otherwise enter into any written assignments involving the DEVOLRO mark prior to his sale of Plaintiff ATV and Plaintiff Devolro to Mr. Bobkov.

36. As Defendant Orlov had no authorization nor authority to transfer the rights of the registered DEVOLRO mark, the assignments are not valid.

37. Despite his departure from Plaintiff Devolro, Defendant Orlov along with Defendant Devolro continue to render car customization services and sell custom cars and vehicle parts and related products bearing the mark DEVOLRO.

38. Defendants have marketed, advertised, promoted, offered for sale, and sold vehicle parts and related goods as well as rendered car customization services under the mark DEVOLRO.

39. Defendant Orlov submitted trademark infringement reports to Instagram against Plaintiff ATV's Instagram account based on his alleged ownership of the DEVOLRO mark.

40. As a result of Defendant Orlov's false report, Plaintiff ATV's Instagram was improperly taken down.

41. On July 7, 2020, Defendant Orlov filed a complaint (Case No. D2020-1765) under the Uniform Domain Name Dispute Resolution Policy (UDRP) with the World Intellectual Property Organization (WIPO) against Plaintiff Devolro, Vasilii Bobkov, Agnessa Bobkova, and Galina Bobkova for the domain www.devolro.com based on his alleged ownership of the DEVOLRO registered mark. On September 2, 2020, the WIPO Administrative Panel entered a decision denying Defendant Orlov's Complaint.

42. On July 27, 2020, Plaintiffs' counsel sent a cease-and-desist letter to Defendants' counsel objecting to Defendants' use of the DEVOLRO mark.

43. To date, Defendants have refused to comply with the demands set out in Plaintiffs' counsel's cease and desist letter and continue their unlawful and infringing activities.

44. Plaintiffs have been, and will continue to be, damaged by the acts of Defendants.

45. Moreover, the goodwill of Plaintiffs has been damaged and will continue to be irreparably damaged unless enjoined.

46. There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

## COUNT I
## VIOLATION OF SECTION 32(a) OF THE LANHAM ACT (15 U.S.C. §1114)

Plaintiffs reallege the allegations set forth in paragraphs 1 through 46 inclusive.

47. The above referenced acts constitute infringement of ATV's Registered Mark in violation of Plaintiffs' rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48. The use in commerce by Defendants of ATV's Registered Mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' vehicle

parts, namely, bumpers, suspension systems and lift kits, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods are sold, authorized, endorsed, or sponsored by Plaintiff ATV, or that Defendant is in some way affiliated with or sponsored by Plaintiff ATV.

49. Plaintiffs adopted and used in commerce ATV's Registered Mark prior to Defendants' earliest use of the DEVOLRO mark.

50. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiffs' prior rights in ATV's Registered Mark and with the willful intent to cause confusion and trade on Plaintiffs' goodwill.

51. Defendant Orlov actively participated in the above referenced infringing activities and controlled the infringing activities of Defendant Devolro.

52. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiffs, and to its goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs has no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to grant injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. 1125(a))

Plaintiffs reallege the allegations set forth in paragraphs 1 through 46 inclusive.

53. The above referenced acts constitute misrepresentations under Section 43(a) of the Lanham Act 15 U.S.C §1125. Defendants' unauthorized use in commerce of ATV's Marks constitutes use of a false designation of origin and misleading description and representation of fact.

54.     Defendants' unauthorized use in commerce of ATV's Marks is likely to cause confusion as to the origin, source, sponsorship, or affiliation of Defendants' car customization services, custom cars, and vehicle parts, namely, bumpers, suspension systems and lift kits, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, rendered, authorized, endorsed, or sponsored by Plaintiffs, or that Defendants are in some way affiliated with or sponsored by Plaintiffs.

55.     Plaintiffs adopted and used in commerce ATV's Marks prior to Defendants' earliest use of the DEVOLRO mark.

56.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiffs.

57.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to its goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT III
## TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP

Plaintiffs reallege the allegations in Paragraphs 1 through 46, inclusive, as if fully set forth herein.

58. This is a claim for tortious interference with a business relationship under Florida law.

59. Plaintiff Devolro has an existing business relationship with Plaintiff ATV as Plaintiff Devolro has assigned the DEVOLRO mark to Plaintiff ATV.

60. Plaintiff ATV has an existing business relationship with Instagram as it uses its Instagram account ((@atvmotors_) to actively promotes ATV's Marks.

61. Defendants knew of this business relationship between Plaintiff Devolro and Instagram.

62. Defendants knew of this business relationship between Plaintiff Devolro and Plaintiff ATV.

63. Without justification or privilege, Defendants intentionally interfered with this relationship by filing improper takedowns on social media such as Instagram and baseless assignments with the U.S. Patent and Trademark Office.

64. Defendants' interference was unjustified, and defendant was not privileged to interfere.

65. As a result of Defendants' actions, Plaintiff ATV's Instagram was taken down and Plaintiff ATV suffered damages as a result.

66. As a result of Defendants' actions, Plaintiffs have suffered damages with respect to its business relationships.

WHEREFORE, Plaintiffs demands judgment against Defendants for and grant permanent injunctive relief, compensatory damages, treble damages, attorneys' fees, costs, and any other relief the Court deems just and proper.

## COUNT IV
## COMMON LAW MARK INFRINGEMENT

Plaintiffs reallege the allegations set forth in paragraphs 1 through 46, inclusive.

67. Defendants' above referenced conduct constitutes trademark infringement in violation of the common law of the State of Florida.

68. The use and/or advertising of ATV's Marks by Defendants is likely to cause confusion or mistake among purchasers as to the source of the Defendants' car customization services, custom cars, and vehicle parts, namely, bumpers, suspension systems and lift kits with those of Plaintiffs.

69. Plaintiffs have used in, commerce and in Florida, ATV's Marks for car customization services, custom cars, and vehicle parts, namely, bumpers, suspension systems and lift kits prior to Defendants' adoption of the marks.

70. Defendants' deliberate and willful use and/or advertising of ATV's Mark to identify the same, or related, goods and services is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendants constitutes common law infringement of ATV's Mark.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

Plaintiffs reallege the allegations in Paragraphs 1 through 46, inclusive, as if fully set forth herein.

71. Plaintiffs have used in, commerce and in Florida, ATV's Marks for car customization services, custom cars, and vehicle parts, namely, bumpers, suspension systems and lift kits to Defendants' adoption of the marks.

72. The conduct of Defendants violates Florida's common law unfair competition laws.

73. Plaintiff is active in the car customization and vehicle parts field and adopted ATV's Marks prior to Defendants' adoption of ATV's Marks and has continuously used in Florida and throughout the United States since the dates reflected in Exhibit 1.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

## PRE-FILING CONFERENCE

Plaintiffs certify that counsel for the moving party has conferred with counsel for the Defendants and Defendants consent to Plaintiffs' filing an Amended Complaint.

Dated: December 16, 2020 Respectfully submitted,

/s/ Christian Sanchelima
Christian Sanchelima, Esq.
Florida Bar No. 107751
Email: chris@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
*Attorneys for Plaintiffs*

## VERIFICATION

I, Vasilii Bobkov, declare as follows:

I am a managing member of American Technology Ventures, LLC and director and president of Devolro, Inc. and I am authorized to make this verification on their behalf.

I have read the foregoing VERIFIED COMPLAINT and I am familiar with its contents. The matters stated therein are true to the best of my knowledge, information, and belief.

Executed on December 16, 2020 in Miami, Florida.

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

_____
Vasilii Bobkov

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Christian Sanchelima*
Christian Sanchelima, Esq.

## SERVICE LIST

**American Technology Ventures, LLC, et. al. v. Orlov, et. al.**
**Case No. 20–cv-23728-KMW**
**United States District Court, Southern District of Florida**

Steven I. Peretz, Esq.
Fla. Bar Number: 329037
Peretz Chesal & Herrmann PL
1 S.E. 3rd Avenue
Suite 1820
Miami, Florida 33131
Phone: (305) 341-3000
Fax: (305) 371-6807
Email: speretz@pch-iplaw.com