## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-23728-KMW

AMERICAN TECHNOLOGY VENTURES,
LLC, and DEVOLRO INC.

       Plaintiffs/Counter-Defendants,

vs.

EDUARD ORLOV, Defendant, and
DEVOLRO GROUP LLC,

       Defendant/Counterclaimant.

vs.

VASILII BOBKOV,

       Third-Party Defendant.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Eduard Orlov ("Orlov") and Devolro Group LLC ("Devolro LLC") (collectively referred to as "Defendants"), by and through undersigned counsel, hereby answer the Amended Verified Complaint   [DE 23] filed by Plaintiffs, American Technology Ventures, LLC ("ATV") and Devolro Inc.'s ("Devolro INC") .  Any allegation not specifically admitted below is denied.

    1.     Admitted.

    2.     Admitted.

    3.     Admitted.

4.     Denied as phrased.  Admitted that Defendant Orlov is the managing member of Devolro LLC.

5.     Admitted.

6.     Admitted that Defendant Orlov is a member of Defendant Devolro LLC, and owns a 100% membership interest in Defendant Devolro LLC.

7.     Admitted that the Amended Complaint purports to allege the referenced claims, but Defendants otherwise deny any liability for such claims.

8.     Defendants admit that this Court has subject matter jurisdiction and supplemental jurisdiction of this action.

9.     Defendants admit that venue is proper in this District.

10.    Denied.

11.    Admitted that Exhibit "1" is a true copy, but denies that Plaintiff ATV is the owner of the Registered Mark.

12.    Denied.

13.    Admitted that the DEVOLRO mark is inherently distinctive when applied to the referenced goods and services, but denies that Plaintiff ATV has any rights in the DEVOLRO mark.

14.    Admitted that Plaintiff Devolro INC, then 100% owned and operated by Defendant Orlov, filed the application (Serial No. 85726802) for the DEVOLRO mark as then used in commerce by Plaintiff Devolro INC.  Defendants deny that Plaintiff ATV has any rights in the DEVOLRO mark or its registration.

15.    Denied.

16.     Admitted that Third Party Defendant, Vasilii Bobkov, became a member of Defendant Devolro LLC in 2018.  Denied that he became a manager.

17.     Denied

18.     Denied.

19.     Denied.

20.     Denied.

21.     Admitted that Bobkov purchased 100% of the stock in Plaintiff Devolro INC from Defendant Orlov at par, purportedly pursuant to Exhibit 3.  The remaining allegations of Paragraph 18 are otherwise denied.

22.     Admitted that Plaintiff Devolro INC transferred all of its rights to use the DEVOLRO mark to Devolro LLC prior to Bobkov's purchase of Plaintiff Devolro INC.  Such transfer was accomplished by a grant of an exclusive license and/or by assignment.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied as phrased because the allegation fails to allege the respective periods of use by each entity.

28.     Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore, the allegations are denied.

29.     Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore, the allegations are denied.

30.     Admitted that Defendant Orlov filed the referenced assignment. Exhibit 4 otherwise speaks for itself.

31.     Admitted that Plaintiff Devolro filed the referenced assignment. The remaining allegations of the paragraph are denied. Exhibit 5 speaks for itself.

32.     Admitted that Defendant Orlov filed the referenced assignment. Exhibit 6 otherwise speaks for itself.

33.     Admitted that Defendant Orlov filed the two referenced assignment. Exhibits 7 and 8 otherwise speak for themselves.

34.     Denied.

35.     Denied as phrased. Orlov agreed in writing and was contractually committed to transferring the rights in the DEVOLRO mark to Devolro LLC prior to April 10, 2019.

36.     Denied.

37.     Admitted that Defendant Devolro LLC has since at least 2018 sold and rendered the referenced goods and services under the DEVOLRO mark. Denied as to the remaining allegations of the paragraph.

38.     Admitted as to Defendant Devolro LLC. Denied as to Defendant Orlov.

39.     Denied as phrased. Defendant Orlov submitted trademark infringement reports to Instagram against an Instagram account that was improperly operated by Plaintiff ATV given that Devolro LLC's owned the DEVOLRO mark.

40.     Denied.

41.     Admitted, but Defendant Orlov denies that the WIPO decision was with prejudice or otherwise determinative of any of his rights in this action.

42.     Admitted as to Defendants' counsel at the time.

43.     Admitted that Defendant Devolro LLC continues to use the DEVOLRO mark.  Denied as to the remainder of the paragraph.

44.     Denied.

45.     Denied.

46.     Denied.

## Count I

Defendants reallege their responses to paragraph 1-46.

47.     Denied.

48.     Admitted that the concurrent use of the DEVOLRO mark by both Plaintiff ATV and Defendant Devolro LLC creates a likelihood of confusion in the marketplace. Defendants deny that Defendant Devolro LLC's use of the DEVOLRO is causing the likelihood of confusion because its use of the DEVOLRO

mark is proper, while Plaintiff ATV's subsequent use of the DEVOLRO use is

not.  The remainder of this paragraph is otherwise denied.

    49.    Denied.

    50.    Denied.

    51.    Denied.

    52.    Denied.

## Count II

Defendants reallege their responses to paragraph 1-46.

    53.    Denied.

    54.    Denied.

    55.    Denied.

    56.    Denied.

    57.    Denied.

## Count III

Defendants reallege their responses to paragraph 1-46.

    58.    Denied that Count III states a claim.

    59.    Denied.

    60.    Denied.

    61.    Denied.

    62.    Denied.

    63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

## Count IV

Defendants reallege their responses to paragraph 1-46.

67.    Denied

68.    Denied.  The referenced likelihood of confusion is caused by Plaintiff ATV's improper use of the DEVOLRO mark.

69.    Denied.

70.    Denied.  The referenced likelihood of confusion is caused by Plaintiff ATV's deliberate improper use of the DEVOLRO mark.

## Count IV

Defendants reallege their responses to paragraph 1-46.

71.    Admitted that Plaintiffs have used the DEVOLRO mark to identify the referenced goods and services, but deny that Plaintiff ATV is the owner of the DEVOLRO mark.

72.    Denied.

73.    Denied.

## DEFENSE

74.    Count III fails to state a claim upon which relief can be granted because Count III fails to allege that the alleged interference in the purported business relationship between Devolro INC and ATV resulted in damages.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Violation of Non-Competition Agreement

75.    Bobkov is barred from involvement in the "automobile customization and manufacturing business for a period of three (3) year after the day of dissociation" from Devolro LLC under the terms of 2019 Operating Agreement. (*See* DE 14-1 at ¶48).   Bobkov is violating such covenant by his ongoing use of the DEVOLRO mark to identify and promote his two wholly-owned companies, Devolro INC and ATV, both of which compete against Devolro LLC in the automotive customization business.   Consequently, Bobkov, Devolro INC, and ATV are prohibited from using the DEVOLRO mark to compete with Devolro LLC.

### Second Affirmative Defense – Superior Rights by Prior Assignment

76.    In 2013, Orlov effectively assigned all of Devolro INC's rights in the DEVOLRO mark to the Devolro LLC, along with the goodwill associated with the DEVOLRO mark. Consequently, Devolro INC no long owned any rights in the DEVOLRO mark when Bobkov acquired the Devolro INC stock in April 2019. Thus at all relevant times, Devolro LLC held superior rights in its use of the DEVOLRO mark over Devolro INC and ATV.

### Third Affirmative Defense – Superior Rights by Prior Exclusive License

77.    In the alternative, in 2013, Orlov caused Devolro INC to grant Devolro LLC an exclusive perpetual license in the DEVOLRO mark, along with the goodwill associated with the DEVOLRO mark. Consequently, Devolro INC no long owned any rights in the DEVOLRO mark when Bobkov acquired the Devolro INC stock in April 2019.  Thus at all relevant times, Devolro LLC held superior rights in its use of the DEVOLRO mark over Devolro INC and ATV.

### Fourth Affirmative Defense – Estoppel

78.    At the time he purchased the Devolro INC stock from Orlov, Bobkov acknowledged that Orlov had contributed all of Devolro INC's rights in the DEVOLRO mark to the Devolro LLC, along with the goodwill associated with the DEVOLRO mark, under ¶7 of the 2019 Operating Agreement. Bobkov further agreed in ¶30 of the 2019 Operating Agreement that once he disassociated himself from Devolro LLC, Devolro LLC would retain all rights in the DEVOLRO mark. Orlov relied on this agreement in selling Bobkov the Devolro INC stock such that Bobkov and Devolro INC are estopped from denying the Devolro LLC's rights in the DEVOLRO mark.

### Fifth Affirmative Defense – Mutual Mistake

79.    Both Bobkov and Orlov entered in the Stock Purchase Agreement based on mistake concerning a basic assumption upon which the agreement was made:  namely that Devolro INC no longer owned any trademark rights in the DEVOLRO mark. Such assumption was recognized in the Operating Agreement

of Devolro LLC.  This mistake materially affected the sale price of the stock in Devolro INC under the agreement – just $20.  Orlov may void the agreement based on this mistake unless Bobkov agrees that the DEVOLRO mark was not included in the sale.

### Sixth Affirmative Defense – Unclean Hands

80.    Bobkov engaged in inequitable misconduct in connection with his acquisition of Devolro INC, including violation of a non-compete agreement, conversion by theft, misrepresentations on social media, fraudulent use of user name and passwords to gain access to Devolro LLC's email and social media accounts, and upon information and belief, Bobkov misrepresented the nature of his investments in Devolro LLC, Devolro INC and ATV to the U.S. government in applying for his visa. Such inequitable misconduct is subject of a concurrent state court action filed by Devolro LLC and Orlov on September 30, 2020.  *See Devolro Group LLC and Orlov v. Bobkov, TV and Devolro INC*, Case No. 20-016175, Circuit Court of the 17th Judicial Circuit for Broward County.) Under the doctrine of unclean hands, Bobkov is barred from obtaining any equitable relief in this action, including an injunction against Devolro LLC's continued use of the DEVOLRO mark.  Because Devolro INC's continued use of the DEVOLRO mark would result in a likelihood of confusion, equity bars Devolro INC's continued use of the DEVOLRO mark.

## Seventh Affirmative Defense – Acquiescence

81.     Defendant Devolro INC and Bobkov acquiesced in Devolro LCC's continued and exclusive use of the DEVOLRO mark after Bobkov acquired the Devolro INC stock.   Orlov and Devolro LLC relied on such acquiescence in continuing to offer goods and services under the DEVOLRO mark and would be prejudiced if their continued use were prohibited.

## Eighth Affirmative Defense – Privilege

82.     As to Count III, any alleged interference caused by Defendants was privileged to protect their respective interests.

## COUNTERCLAIM OF DEVOLRO LLC

Defendant/Counterclaimant, Devolro Group LLC ("Devolro LLC"), sues Plaintiffs Devolro Inc. ("Devolro INC"), Plaintiff American Technology Ventures, LLC ("ATV"), and third-party Defendant Vasilii Bobkov ("Bobkov").  Devolro INC, ATV, and Bobkov shall be referred to collectively as "Counter-Defendants."

## Nature of the Action

1.     This action arises from Counter-Defendants' recent attempt to hijack Counter-Plaintiff Devolro LLC's long-standing rights in its DEVOLRO mark by using the DEVOLRO mark in competition with Devolro LLC in violation of Bobkov's non-compete agreement with Devolro LLC.   As evidenced by the Amended Complaint filed in this action, the concurrent use of the DEVOLRO mark by Counter-Defendants and Counterclaimant has resulted in a likelihood of confusion in the marketplace.

11

2.      Through this action, Counterclaimant seeks a declaration from this Court that Devolro LLC has the exclusive right to use the DEVOLRO mark because it is undisputed that both sides cannot simultaneously use the same mark to compete in the same market (Count I).

3.      This action further seeks injunctive relief and damages against Counter-Defendants because if this Court grants Counterclaimant the relief sought in Count I, then the likelihood of confusion resulting from Counter-Defendants' continued and unlawful use of the DEVOLRO mark constitutes trademark infringement of a registered mark (Count II), trademark counterfeiting (Count III), and statutory infringement (Count IV).   Finally, Counter-Defendants' misappropriate of Devolro LLC's customer lists constitutes a violation of the Defend Trade Secrets Act (Count V).

## THE PARTIES

4.      Counterclaimant, Devolro LLC, is a Florida limited liability company, with its principal place of business in Broward County, Florida.

5.      Counter-Defendant, Devolro INC, is a Florida corporation, with its principal place of business in Miami-Dade County.

6.      Counter-Defendant, ATV, is a Florida limited liability company, with its principal place of business in Miami-Dade County.

7.      Third-Party Defendant, Bobkov, is a resident of Miami-Dade County. Bobkov is sole owner and 100% shareholder of the Counter-Defendant Devolro INC and the sole owner and 100% member and manager of ATV.  At all relevant

times after April 10, 2019, he was the President of Devolro INC and manager of ATV, and as the active moving force behind both entities, he is jointly and severally liable for any trademark infringement and other tortious conduct committed by Devolro INC and ATV.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1121; 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201 because this case involves (a) a substantial case or controversy between the parties, (b) a federal question arising under the Lanham Act, 15 U.S.C. § 1051, et seq., and (c) a federal question arising under Defend Trade Secrets Act, 18 U.S.C. §1836, et seq.

9.     As to Counter-Defendants Devolro INC and ATV, personal jurisdiction and venue are proper in this Court because both entities have submitted themselves to the personal jurisdiction and venue of this Court by bringing the instant action before this Court.

10.    As to Third-Party Defendant Bobkov, personal jurisdiction and venue are proper in this Court because he is a resident in this District.

## GENERAL ALLEGATIONS

11.    In October 2011, Edward Orlov ("Orlov") incorporated Devolro INC as a Florida corporation.  He owned 100% of the company's stock and served as its President.

12.    Orlov selected the DEVOLRO corporate name and mark to identify Devolro INC.  He created the name and mark by reversing the letters of his first and last names: E-D and O-R-L-O-V, when written backwards and combined, spells D-E-V-O-L-R-O.

.       13.    In October 2011, Devolro LLC also registered the domain name www.devolro.com with the www.101domain.com Registrar. (In October 2016, Devolro LLC renewed the domain name www.devolro.com for an additional 5 years.)

14.    On December 1, 2011, Orlov began using the DEVOLRO mark in commerce in the United States to identify Devolro INC's automobile customization and tuning services as a full-service custom shop. The DEVOLRO mark is arbitrary and distinctive when used to identify those goods and services.

15.    On September 12, 2012, Orlov filed trademark application, Ser. No. 85726802, with the USPTO for DEVOLRO in Class 12 covering "Vehicle parts, namely, bumpers, suspension systems and lift kits," listing Devolro INC as the owner.

16.    On January 23, 2013, Orlov organized Devolro LLC as a Florida limited liability company. He initially owned a 100% membership interest in the company, and served as its sole Manager.

17.    On February 4, 2013, Oleg Lisitsyn acquired a 51% membership interest in Devolro LLC pursuant to the terms of the company's Operating

Agreement. (A copy of the February 4, 2013 Operating Agreement is attached as Exhibit "A" to this Counterclaim.)

18. The 2013 Operating Agreement expressly provided that "Edward Orlov shall contribute … his brand and trademark DEVOLRO" to Devolro LLC. (See 2013 Operating Agreement at ¶7).

19. The 2013 Operating Agreement also expressly provided that if a member disassociated himself from the Devolro LLC, the DEVOLRO mark would remain the <u>property</u> of the company:

> 30. <u>Trademarks</u>. Any and all trademarks that the LLC may use in respect of its goods and services shall be the property of the LLC, including, but noted to, such trademark as DEVOLRO … EDUARD ORLOV is the current owner of the trademark DEVOLRO. EDUARD ORLOV hereby contributes the brand and trademark DEVOLRO to the LLC. An appropriate Assignment of rights to the brand DEVOLRO shall be filed with the USPTO, transferring the right to DEVOLRO mark from EDUARD ORLOV to the LLC. <u>In case of dissociation of the Members, the DEVOLRO brand and trademark remain the property of the LLC</u>, and not the property of EDUARD ORLOV personally.

(2013 Operating Agreement at ¶30.)

20. Consistent with his obligation to contribute the DEVOLRO mark to the Devolro LLC, Orlov caused Devolro INC to transfer all of its rights in the DEVOLRO mark, including its pending registration rights in the mark, to Devolro LLC or to otherwise agree to Devolro LLC's exclusive and perpetual use of the DEVOLRO mark. By operation of law, such transfer represented either an assignment of the DEVOLRO mark or an exclusive perpetual license of the DEVOLRO mark.

21.     Starting in February 2013, and continuing to the present, Devolro LLC became (a) the operating entity for the business activities previously carried on by Devolro INC and (b) the only company authorized to do business under the DEVOLRO name and mark.

22.     On May 7, 2013, the USPTO registered the DEVOLRO mark under Reg. No. 4331785.

23.     On October 22, 2014, Lisytsyn transferred his 51% interest to Orlov, making Orlov the owner of a 100% membership interest in Devolro LLC. Devolro LLC remained the owner of the DEVOLRO mark, and its registration, subject to the exclusive control of Orlov as its sole member.

24.     In October 2018, Bobkov, a Russian citizen and businessman with no prior automotive construction experience, approached Orlov with an offer to invest in Devolro LLC as a means of obtaining a special privileged United States investor visa from the United States Department of Immigration for himself and his family.  At the time, Devolro LLC had established an outstanding reputation for building highly customized on and off-road trucks, custom engines, and suspensions.  A growing business, Devolro LLC had delivered over 500 custom trucks to customers around the world, as well as government agencies and celebrities, and needed an infusion of additional capital to expand the business further.

25.     On January 22, 2019, Third Party Defendant, Bobkov, acquired a 51% membership interest in Devolro LLC pursuant to the terms of the company's

Operating Agreement. (A copy of the January 22, 2019 Operating Agreement was previously filed by Plaintiffs under DE 14-1.) Under the 2019 Operating Agreement, Bobkov agreed to contribute $500,000 as a capital contribution to the company.

26.   The 2019 Operating Agreement, like the 2013 Operating Agreement, reiterated that "Edward Orlov shall contribute … his brand and trademark DEVOLRO" to Devolro LLC. (*See* 2013 Operating Agreement at ¶7).

27.   The 2019 Operating Agreement, like the 2013 Operating Agreement, also expressly provided that if a member disassociated himself from the Devolro LLC, the DEVOLRO mark would remain the <u>property</u> of the company:

> 30.   <u>Trademarks</u>.  Any and all trademarks that the LLC may use in respect of its goods and services shall be the property of the LLC, including, but noted to, such trademark as DEVOLRO … EDUARD ORLOV is the current owner of the trademark DEVOLRO. EDUARD ORLOV hereby contributes the brand and trademark DEVOLRO to the LLC. An appropriate Assignment of rights to the brand DEVOLRO shall be filed with the USPTO, transferring the right to DEVOLRO mark from EDUARD ORLOV to the LLC.  <u>In case of dissociation of the Members, the DEVOLRO brand and trademark remain the property of the LLC</u>, and not the property of EDUARD ORLOV personally.

(2019 Operating Agreement at ¶30.)

28.   Upon signing the 2019 Operating Agreement, Bobkov immediately applied for his investor visa with the U.S. immigration authorities, but he never came close to fully funding his $500,000 as a capital contribution to the company, and now falsely claims that he only committed to funding $100,000. Nonetheless, as the controlling member of the Devolro LLC, Bobkov caused the company to put

his family members on the payroll even though they were totally lacking in basic automotive skills.

29.     Barely three month later, on April 9, 2019, Bobkov and Orlov agreed that the relationship was not working and that it was time to part ways.  Bobkov transferred his 51% interest to Orlov, making Orlov the owner of a 100% membership interest in Devolro LLC. Devolro LLC remained the owner of the DEVOLRO mark, and its registration, subject solely to the control of Orlov. On April 10, 2019, Orlov sold 100% of the stock in Devolro INC to Bobkov for just $20.

30.     The Stock Transfer Agreement makes no reference to Devolro INC having any right to use the DEVOLRO mark to identify automotive-related services.  Indeed, under the 2019 Operating Agreement, Bobkov was <u>prohibited</u> from engaging in any automotive-related services or soliciting Devolro LLC client's for three years following his dissociation from Devolro LLC:

> 48.  <u>Non-Competition by Former Members</u>. The dissociated Member who ceased to be an LLC's Member involuntarily or on his/her own will, and who retains no percentage interest in the LLC, shall not be involved in the automobile customization and manufacturing business for a period of three (3) years after the day of dissociation. Such dissociated Member may not contact the LLC's existing clients with a view to lure the clients away from the LLC.

(*See* 2019 Operating Agreement at ¶48.)

31.     On March 20, 2019, Orlov sold 100% of the stock in Counter-defendant ATV to Bobkov.

32.     To facilitate an orderly transition of Bobkov's dissociation from Devolro LLC, and to prevent any disruption to Devolro LLC's customer orders, Bobkov and Orlov agreed to work together for a transition period after April 10, 2019.  During the transition period, Bobkov never challenged Devolro LLC's exclusive right to use the DEVOLRO mark.  Nor did Bobkov, Devolro INC, or ATV ever challenge Devolro LLC's exclusive ownership rights in its customer lists, its www.devolro.com domain name, social media accounts, or its specialized equipment.

33.     But after this transitional arrangement ended, Bobkov embarked upon the wholesale identity theft of Devolro LLC in a wilful and fraudulent effort to confuse the public into believing that the former shell company, Devolro INC, was now the same operating entity as Devolro LLC.  In particular, Bobkov, Devolro INC, and ATV engaged in the following inequitable misconduct using the DEVOLRO mark:

(a)     Bobkov refused to return Devolro LLC's inventory, customer database, tools and equipment, domain names, design molds, and other Devolro LLC assets, including vehicle parts branded with the DEVOLRO mark.

(b)     Bobkov used the username and password that he previously obtained from Orlov to access Devolro LLC web hosting website and redirected the Devolro LLC domain to a domain registrar within the Russian Federation to place it beyond U.S. jurisdiction.. He then transferred the Delvoro email and contacts to American Technology Venture.

(c)     Then, using his access to the Devolro LLC domain, Bobkov pirated Devolro LLC's YouTube advertising channel by removing Devolro

LLC from the channel administrator's list, and redirected customers to his website.

(d)  Using Devolro LLC's customer lists, Bobkov then engaged in numerous social media, text, and email campaigns to redirect Devolro LLC customers list to the websites he controlled to further the business of Devolro INC and ATV.

(e)  In response to Bobkov's prohibited solicitation activities, Orlov began to receive phone calls from former customers who knew him directly, informing him of Bobkov's solicitation activities, and that Bobkov was misrepresenting that Orlov was no longer in business and had sold his company to Bobkov.

(f)  When questioned by DVG's former customers about the name change, Bobkov's son-in-law stated that there was a change in management and that ATV is the same company as Devolro LLC and owns the Devolro brand.

(g)  Devolro INC and ATV offered Devolro LLC former customers the exact same parts and customization packages as Devolro LLC had offered in the past. Devolro INC and ATV also provided prospective customers with a list of Devolro LLC customers to use as a reference.

34.  Any and all of the purported trademark assignments relating to the DEVOLRO mark were filed by Bobkov with the knowledge that neither Devolro INC nor ATV had any legal or equitable ownership rights in the DEVOLRO mark given:

(a)  that Devolro LLC had exclusively used the DEVOLRO mark prior to and through the short-lived period when Bobkov held an ownership interest in Devolro LLC,

(b)  that Orlov had contributed the DEVOLRO mark to the Devolro LLC under the 2019 Operating Agreement,

(c)     that he agreed that Devolro LLC would retain the right to continue using the DEVOLRO mark after he gave up his membership interest in Devolro LLC under the 2019 Operating Agreement,  and

(d)     that he acquired 100% ownership in Devolro INC for just $20 and could not reasonably expect that Devolro LLC would be required to cease using the DEVOLRO mark after its seven prior years of continuous use.

## COUNT I
## DECLARATORY JUDGMENT

35.     Counterclaimant Devolro LLC realleges each of the allegations contained in Paragraphs 1 through 34 of this Counterclaim, and further alleges:

36.     The allegations set forth above and in the Amended Complaint demonstrates that there is a substantial case or controversy between the parties, which is now of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

37.     Because this Counterclaim seeks a declaration of rights concerning use of the DEVOLRO marks in U.S. commerce, there is a strong public interest in this Court rendering the requested declaratory relief to establish the rights of the parties and thereby avoid consumer confusion.

38.     WHEREFORE, Devolro LLC respectfully requests that this court enter judgment as follows:

a.     Declaring that confusion, mistake or deception is likely to result from the Counter-Defendants' continued use of the DEVOLRO mark.

b.     Declaring that Devolro LLC is entitled to the exclusive use of the DEVOLRO mark to identify its goods and services.

c.    Declaring that Devolro LLC is entitled to maintain the DEVOLRO registration in its own name, and that Counter-Defendants shall file such papers as may be reasonable necessary to effect the transfer of the registration of the DEVOLRO mark to Devolro LLC within 30 days of entry of judgment, and

d.    granting such other relief deemed just and proper.

## COUNT II
## INFRINGEMENT OF FEDERALLY REGISTERED MARK

39.    Counterclaimant Devolro LLC realleges each of the allegations contained in Paragraphs 1 through 34 of this Counterclaim, and further alleges

40.    Devolro LLC has standing to assert infringement of the DEVOLRO registered mark because Devolro LLC has been either (a) the exclusive licensee of the DEVOLRO registered mark since 2013 or (b) the assignee of the DEVOLRO registered mark since 2013.

41.    Counter-Defendants have used the DEVOLRO mark in commence for the same goods and services covered by the DEVOLRO registration from April 2019 to the present.

42.    Counter-Defendants have infringed Devolro LLC's rights in  U.S. Trademark Registration No. 4331785 in violation of 15 U.S.C. § 1114.

43.    Counter-Defendants' willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Devolro LLC's business and goodwill in an amount that cannot be ascertained at this time

and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiffs with no adequate remedy at law.

44.    WHEREFORE, Devolro LLC's demand judgment against Defendants, jointly and severally, for the following:

(a)    a temporary and permanent injunction enjoining Counter-Defendants, their officers, directors, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using any more marks confusingly similar to the DEVOLRO mark in connection with the advertising or sale of their services;

(b)    an accounting of profits Counter-Defendants have wrongfully obtained from their use of the Mark, 15 U.S.C. § 1117(a);

(c)    compensatory damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a); and

(d)    such other relief as this Court deems proper.

## COUNT III
## COUNTERFEITING OF FEDERALLY REGISTERED MARK

45.    Counterclaimant Devolro LLC realleges each of the allegations contained in Paragraphs 1 through 34 of this Counterclaim, and further alleges:

46.    This is an action for counterfeiting of a federally registered mark (U.S. Trademark Registration No. 4331785 for the mark DELVORO) under 15 U.S.C. § 1116(d).

47.     Counter-Defendants have used the DEVOLRO mark in commence for the same goods and services covered by the DEVOLRO registration from April 2019 to the present.

48.     Counter-Defendants' unauthorized use of the identical mark constitutes counterfeiting as defined by 15 U.S.C. § 1116(d)(1)(B).

49.     WHEREFORE, Counterclaimant demands judgment against Counter-Defendants, jointly and severally, for the following:

(a)     a temporary and permanent injunction enjoining Counter-Defendants, their officers, directors, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using any more marks confusingly similar to the DEVOLRO mark in connection with the advertising or sale of their services;

(b)     an accounting of profits Counter-Defendants have wrongfully obtained from their use of the DEVOLRO mark, 15 U.S.C. § 1117(a);

(c)     compensatory damages, treble damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a)(b);

(d)     statutory damages between $1,000 and $200,000 per counterfeit mark, and up to $2,000,000 per counterfeit mark for willful use, U.S.C. § 1117(a); and

(e)     such other relief as this Court deems proper.

## COUNT IV
## STATUTORY INFRINGEMENT OF MARK

50.     Counterclaimant Devolro LLC realleges each of the allegations contained in Paragraphs 1 through 34 of this Counterclaim, and further alleges:

51.   This is an action for false designation of origin in violation of 15 U.S.C. § 1125(a).

52.   Counter-Defendants' use of the DEVOLRO mark constitutes a false designation of origin and/or false description or representation, which is likely to deceive consumers and prospective customers into believing that Counter-Defendants good and services originate from, or are licensed by, sanctioned by, sponsored by, or in some way affiliated with Devolro LLC in violation of 15 U.S.C. § 1125(a).

53.   WHEREFORE, Counterclaimant demands judgment against Counter-Defendants, jointly and severally, for the following:

(a)   a temporary and permanent injunction enjoining Counter-Defendants, their officers, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using any more marks confusingly similar to the DEVOLRO mark in connection with the advertising or sale of their services;

(b)   an accounting of profits Counter-Defendants have wrongfully obtained from their use of the DEVOLRO mark, 15 U.S.C. § 1117(a);

(c)   compensatory damages, costs, and attorneys' fees as an "exceptional case", 15 U.S.C. § 1117(a); and

(d)   such other relief as this Court deems proper.

## COUNT V
## VIOLATION OF THE DEFEND TRADE SECRET ACT

54.   Counterclaimant Devolro LLC realleges each of the allegations contained in Paragraphs 1 through 34 of this Counterclaim, and further alleges:

55.     Devolro LLC has spent years of intense effort in acquiring clients and building its DEVOLRO brand.

56.     Devolro LLC maintains confidential customer lists of current, former and prospective customers, which it uses to maintain brand engagement and solicit new business. Delvoro LLC considers its customer lists a trade secret.

57.     Devolro LLC's confidential customer lists include confidential personal information and includes information regarding the customers' purchases and services records.

58.     The customer lists derive independent economic value for Devolro LLC from not being generally known to, and not being readily ascertainable by proper means by, others who can obtain economic value from their disclosure or use and Devolro LLC has taken reasonable measures to protect the secrecy of these customer lists.

59.     Devolro LLC takes reasonable measures to protect the secrecy of these confidential customer lists.

60.     Devolro LLC restricts access to these confidential customer lists only to those individuals who need to access the lists to conduct business on behalf of Devolro LLC.

61.     Devolro LLC's 2019 Operating Agreement required its members, including Counter-Defendant Bobkov, to keep Delvoro LLC's customer lists confidential.

62. Without authorization or permission, Counter-Defendants accessed – and upon information and belief, downloaded – Delvoro LLC's confidential and proprietary customer lists of former, current and prospective customers containing sensitive business and personal information, which constitute trade secrets used in interstate or foreign commerce under 18 U.S.C. § 1839(3).

63. Counter-Defendants used Delvoro LLC's trade secret customer lists to contact former, current or prospective customers of Delvoro LLC and solicited those individuals via the internet or otherwise to use Counter-Defendants' services.

64. Counter-Defendants took all such actions knowingly and intentionally and without regard for the rights of others.

65. Counter-Defendants knew or should have known that Delvoro LLC's customer lists are valuable, confidential trade secrets belonging to Delvoro LLC.

66. Counter-Defendants therefore knowingly acquired Delvoro LLC's trade secrets by improper means and knowingly used those trade secrets obtained by improper means.

67. Counter-Defendants' conduct constitutes misappropriation of Delvoro LLC's trade secrets under 18 U.S.C. § 1836(b)(1).

68. Counter-Defendants' use of Delvoro LLC's misappropriated lists has continued to date.

69. Delvoro LLC has been damaged, and continue to be damaged, by Counter-Defendants' unlawful trade secret misappropriation.

70.     Counter-Defendants have been unjustly enriched through their misappropriation and use of Delvoro LLC's customer lists.

71.     Delvoro LLC's remedies at law are inadequate and Delvoro LLC will suffer irreparable injury absent relief enjoining Counter-Defendants from using Delvoro LLC's trade secret customer lists in the operation of a competitive business.

72.     The threatened harm to Delvoro LLC if an injunction does not issue outweighs any injury the injunction would cause to Counter-Defendants.

73.     An injunction against Counter-Defendants will not disserve the public interest.

74.     WHEREFORE, Counterclaimant demands judgment against Counter-Defendants, jointly and severally, for the following:

(a)     a temporary and permanent injunction enjoining Defendants, their officers, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using from using Delvoro LLC's trade secret customer lists in the operation of a competitive business;

(b)     actual damages;

(c)     damages for unjust enrichment;

(d)     a reasonable royalty for use of the trade secrets;

(e)     exemplary or punitive damages;

(f)     costs and attorneys' fees, 18 U.S.C. § 1836 (b)(3)(D); and

(g)     such other relief as this Court deems proper.

Dated December 23, 2020

By: <u>s/ Steven I. Peretz</u>
Steven I. Peretz, Esq.
speretz@pch-iplaw.com
Florida Bar No. 329037
Alberto Alvarez, Esq.
aalvarez@pch-iplaw.com
Florida Bar No. 106859
Peretz Chesal & Herrmann, P.L.
1 S.E. 3rd Avenue, Suite 1820
Miami, Florida 33131
T: 305-341-3000 | F: 305-371-6807
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on December 23, 2020 on all counsel or parties of record in the manner specified on the Service List below.

/s/Steven I. Peretz

Christian Sanchelima, Esq.
Email: chris@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
T: 305-447-1617
F: 305-445-8484
**VIA CM/ECF**